IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2025

## CURTIS KELLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County
Nos. 10-02756, 10-07532   Carlyn L. Addison, Judge**

———————————————————

**No. W2024-01271-CCA-R3-ECN**

———————————————————

Petitioner, Curtis Keller, appeals the Shelby County Criminal Court's summary dismissal of his petition for writ of error coram nobis as "utterly devoid of accuracy." Following our review of the entire record, the briefs of the parties, and the applicable law, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and STEVEN W. SWORD, JJ., joined.

Terrell Tooten (on appeal),[1] Memphis, Tennessee, and Curtis Keller, Tiptonville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

The procedural history of this case has been summarized by a panel of this court as follows:

In May of 2010, Petitioner and several accomplices entered a home in Collierville in an attempt to get money from one of the victims that was

---

[1] After Petitioner filed his pro se notice of appeal and brief in this case, Mr. Tooten filed a notice of appearance. However, no amended or reply brief was filed by Mr. Tooten, and he has had no further involvement in this appeal.

supposedly owed to Petitioner from a drug transaction. *See State v. Curtis Keller*, No. [W2012]-00825-CCA-R3-CD, 2013 WL 3329032, at *1-2 (Tenn. Crim. App. June 27, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013). A 911 call originating from inside the home prompted officer response. *Id.* at *2. Petitioner "took off his mask" and tried to escape on foot. *Id.* He was caught outside the home. *Id.* Petitioner was subsequently indicted and tried for his involvement in the incidents taking place that day [case no. 10-07532]. As a result, he was convicted of [two] counts of especially aggravated kidnapping, [one count of] attempted especially aggravated kidnapping, [one count of] especially aggravated burglary, three counts of aggravated assault, [and one count of employing a firearm during the commission of a dangerous felony]. *Id.* As a result of the convictions, he received a total effective sentence of 240 years in incarceration. *Id.* On direct appeal, Petitioner's conviction for employing a firearm during the commission of a dangerous felony was reversed based on the fact that possessing or employing a firearm was an element of especially aggravated kidnapping, and the conviction for especially aggravated burglary was reduced to aggravated burglary because the same act of causing serious bodily injury to one victim was the basis for both especially aggravated burglary and attempted especially aggravated robbery. *Id.* As a result, Petitioner's total effective sentence was reduced to 210 years. This [c]ourt later affirmed the denial of post-conviction relief. *See Curtis Keller v. State*, No. W2016-00416-CCA-R3-PC, 2018 WL 801537, at *1 (Tenn. Crim. App. Feb. 8, 2018), *perm. app. denied* (Tenn. May 18, 2018).

In an unrelated case that went to trial after the Collierville home invasion, stemming from a home invasion in Germantown in May of 2008, Petitioner was convicted of [three counts of especially aggravated kidnapping, three counts of aggravated robbery, four counts of attempted aggravated robbery, one count of aggravated burglary, and one count of evading arrest], resulting in a total effective sentence of 300 years in incarceration [case no. 10-02756]. *State v. Curtis Keller*, No. W2012-01457-CCA-R3-CD, 2013 WL 6021332, at *1 (Tenn. Crim. App. Nov. 6, 2013), *remanded* (Tenn. Feb. 11, 2014). On direct appeal in the Germantown case, Petitioner unsuccessfully challenged the chain of custody regarding the admission of a ski mask found in the getaway vehicle that contained his DNA. *Id.* at *16-17. In a subsequent appeal from the denial of post-conviction relief, this [c]ourt determined that trial counsel was not ineffective for failing to contest the validity of the DNA found in the ski mask. *Keller v. State*, No. W2020-00590-CCA-R3-PC, 2021 WL 2886338, at *10 (Tenn. Crim. App. July 9, 2021), *perm. app. denied* (Tenn. Oct. 15, 2021).

*Keller v. State*, No. W2021-00123-CCA-R3-ECN, 2022 WL 1150962, at *1 (Tenn. Crim. App. April 18, 2022), *perm. app. denied* (Tenn. Aug. 3, 2020).

In both the Germantown and Collierville cases, the Petitioner filed petitions for writs of habeas corpus, which were denied by the trial court and affirmed on appeal. *Keller v. State*, No. W2012-02076-CCA-R3-HC, 2013 WL 597789, at *1 (Tenn. Crim. App. Feb. 15, 2013), *perm. app. denied* (Tenn. May 7, 2013); *Keller v. State*, No. W2012-02078-CCA-R3-HC, 2013 WL 12181090, at *1 (Tenn. Crim. App. Jan. 11, 2013), *perm. app. denied* (Tenn. April 9, 2013). He then filed petitions for post-conviction relief in both matters, as well as petitions for writs of error coram nobis. All were denied or dismissed by the trial court, reviewed by this court and affirmed on appeal, following which our supreme court declined to review the petitions. *Keller v. State*, No. W2020-00590-CCA-R3-PC, 2021 WL 2886338, at *1 (Tenn. Crim. App. July 9, 2021), *perm. app. denied* (Tenn. Oct. 15, 2021); *Keller v. State*, No. W2016-00416-CCA-R3-PC, 2018 WL 801537, at *1 (Tenn. Crim. App. Feb. 8, 2018), *perm. app. denied* (Tenn. May 18, 2018); *Keller v. State*, No. W2019-01652-CCA-R3-ECN, 2021 WL 1699277, at *3 (Tenn. Crim. App. Jan. 27, 2021), *perm. app. denied* (Tenn. May 14, 2021); *Keller v. State*, No. W2021-00123-CCA-R3-ECN, 2022 WL 1150962, at *2 (Tenn. Crim. App. Apr. 18, 2022), *perm. app. denied* (Tenn. Aug. 3, 2022).

*Keller v. State*, No. W2023-00743-CCA-R3-PC, 2024 WL 4164601, at *2 (Tenn. Crim. App. Sept. 12, 2024), *perm. app. denied* (Tenn. Feb. 20, 2025); *see also Keller v. State*, No. W2023-01188-CCA-R3-ECN, 2024 WL 3219273, (Tenn. Crim. App. June 28, 2024) *perm. app. denied* (Tenn. Nov. 14, 2024).

Thereafter, Petitioner filed a petition for "new post-conviction" relief and a "supplemental" petition for writ of error coram nobis in case no. 10-02756; a petition for DNA post-conviction analysis in case nos. 10-07532 and 10-02756; and a Tennessee Rule of Criminal Procedure Rule 36.1 motion to correct an illegal sentence in case no. 10-07532. *Keller*, 2024 WL 4164601, at *1. The trial court denied each of the petitions, and Petitioner filed a notice of appeal. *Id.* After the case was docketed, trial counsel filed a motion to late-file the notice of appeal for the denial of the five petitions. *Id.* This court held that all of Petitioner's filings in case no. 10-02756 and his petition for DNA analysis in case no. 10-07532 were untimely and dismissed the appeal with respect to those filings. *Id.* at *2-3. This court further concluded that Petitioner's motion to correct an illegal sentence with respect to case no. 10-07532 was timely filed but affirmed the trial court's summary dismissal on the basis that Petitioner failed to state a colorable claim for Rule 36.1 relief. *Id.* at *4.

- 3 -

With respect to the present appeal, Petitioner, through trial counsel, filed a "Re-Filed Writ of Error Coram Nobis" on February 5, 2024, alleging that Petitioner was unaware that "documentation regarding the DNA samples, along with the TBI Report, was something that was required to be made available. It was not made available, even after multiple requests." The petition was denied by the coram nobis court on August 8, 2024, for "failure to state adequate grounds upon which relief should be granted."

Petitioner also filed a pro se "Petition for Writ of Error Coram Nobis Pursuant to Tenn. Code Ann. § 40-26-105" on July 30, 2024, alleging newly discovered evidence in the form of an interview and affidavit of Cameron White who would have testified that Petitioner was not present during the offenses in case no. 10-02756. The writ was denied by the coram nobis court on August 8, 2024, because none of the information contained in the petition was newly discovered.

Petitioner filed a second pro se "Petition for Writ of Error Coram Nobis Pursuant to Tenn. Code Ann. § 40-26-105" on August 8, 2024, alleging newly discovered evidence because he had "recently discovered" that two of the prosecutors were not "sworn in 2011 or 2012" after the District Attorney General "was appointed as a replacement on January 18, 2011." Therefore, he contends that neither prosecutor was "acting in a legal capacity when making his appearances in [c]ase [n]o. 10-07532 and 10-02756." The coram nobis court denied the petition on August 9, 2024, concluding the petition was "utterly devoid of accuracy. The attorneys that successfully prosecuted the petitioner were in fact duly sworn in to represent the Great State of Tennessee having been appointed by then District Attorney General, Amy P. Weirich (copies of oath attached hereto)."

On August 21, 2024,[2] Petitioner filed timely notices of appeal for the denial of each of the three petitions. However, on appeal Petitioner only challenges the denial of his third petition, the second pro se petition, arguing that the two district attorneys general who prosecuted his case were not properly sworn which constituted newly discovered evidence. Furthermore, Petitioner only appears to challenge the denial of his petition for the offenses that occurred on June 12, 2008, as to case no. 10-02756.

**Analysis**

On appeal, Petitioner argues that the coram nobis court erred by summarily dismissing his petition for writ of error coram nobis without making any findings of fact or conclusions of law "in particular, whether the evidence presented within the petition 'may have resulted in a different judgment had it been presented at trial.'" The State

---

[2] We note that the notice of appeal for the third petition filed on August 8, 2024, indicates that the order denying the petition was filed on August 8, 2024. It was actually filed on August 9, 2024.

- 4 -

contends that the coram nobis court properly denied the petition because it was based on a non-meritorious allegation, was filed outside of the statute of limitations period, and Petitioner failed to show evidence of actual innocence to toll the statute of limitations. We agree with the State.

Error coram nobis relief is:

confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b). The relief sought in an error coram nobis proceeding "is the setting aside of the conviction and the granting of a new trial." *Clardy v. State*, 691 S.W.3d 390 (Tenn. 2024) (citing *Payne v. State*, 493 S.W.3d 478, 485 (Tenn. 2016)).

The writ of error coram nobis is "an *extraordinary* procedural remedy," and is subject to a one-year statute of limitations which is measured from the date the judgment becomes final, thirty days after either entry of the judgment of conviction or disposition of a timely, post-trial motion. *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999)); T.C.A. § 27-7-103. Compliance with the one-year statute of limitations is an "essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. Whether a petition is time-barred is a question of law, which this court reviews de novo. *Id.* at 830. The statute of limitations may be tolled if a petition seeks relief based on newly discovered evidence of actual innocence discovered after the statute of limitations has expired. *Id.*; *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001). The coram nobis court possesses the discretion to summarily dismiss a petition if it fails to show on its face that it is timely filed or that the petitioner is entitled to equitable tolling of the statute of limitations. *Nunley*, 552 S.W.3d at 831.

A petitioner is "not entitled to equitable tolling to pursue a patently non-meritorious ground for relief." *Id.* at 829 (citations omitted). The petitioner must establish that the grounds upon which he seeks relief are "later arising," meaning that they arose after the statute of limitations, and that strict application of the statute of limitations would deny him a "reasonable opportunity" to present his claims. *Id.* To be entitled to equitable tolling based on newly discovered evidence, the petition must present new evidence of actual

innocence discovered after the expiration of the statute of limitations. *Id.* at 828. "Newly discovered evidence" is "evidence of facts existing, but not yet ascertained, at the time of the original trial," that is admissible, and credible. *Id.* at 816. "To grant tolling, the coram nobis court must find that the new evidence would, if credited, clearly and convincingly show that the petitioner is actually innocent of the underlying crime, i.e., that the petitioner did not commit the crime." *Clardy*, 2024 WL 3157350, at \*13 (citing *Keen v. State*, 398 S.W.3d 594, 612 (Tenn. 2012) (holding that actual innocence means "nothing other than that the person did not commit the crime")).

In case no. 10-02756, this court affirmed Petitioner's convictions following remand, and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on January 15, 2015. *State v. Keller*, No. W2012-01457-CCA-R3-CD, 2014 WL 4922627, at \*7 (Tenn. Crim. App. Sept. 29, 2014), *perm. app. denied* (Tenn. Jan. 15, 2015). Therefore, Petitioner had until January 15, 2016, to file an error coram nobis petition. He did not file the current petition until August 8, 2024, more than eight years after the statute of limitations expired. Thus, the petition is time-barred unless Petitioner can establish that he is entitled to equitable tolling of the limitations period.

We conclude that Petitioner cannot demonstrate that he is entitled to equitable tolling based on his claim that two of the district attorneys general who prosecuted his case were not properly sworn. His claim is belied by the record and documents attached to his own brief containing the oaths of office signed by the two prosecutors showing that they were properly sworn before Petitioner's trials occurred. Therefore, as found by the coram nobis court, Petitioner's claim is "utterly devoid of accuracy." As such, Petitioner is "not entitled to equitable tolling to pursue a patently non-meritorious ground for relief." *Nunley*, 552 S.W.3d at 829. Petitioner has not presented new evidence of actual innocence discovered after the expiration of the statute of limitations. *Id.* at 828. Therefore, the coram nobis court did not err by summarily dismissing the petition. Petitioner is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the coram nobis court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE

- 6 -